### JOSEPHINE MACCHIA *vs.* JOSEPH H. DUCHARME.

#### JULY 6, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)    Trial.    Report of Trial.*

The intention of the statutes is that the court stenographer shall be present throughout the whole trial, except perhaps during the argument of counsel,

so where a jury came in for further instructions which were given without a stenographer and in the absence of counsel, it constituted reversible error.

*(2)   Trial.   Notice to Counsel.*

Rule 17 of the rules of practice of the Superior Court provides that before giving further instructions to the jury after they have retired, the trial justice shall cause the attorneys, if absent, to be notified by sending notice to them if within convenient reach provided the attorneys have left word with the justice where such notice is to be sent and provided further that the justice shall not be required to wait more than fifteen minutes after sending such notice.—

*Held,* that under the rule the court discharged its duty if notice is properly sent and is not responsible for its actual receipt.

*(3)   Trial.   Notice to Attorneys.*

Where counsel after the jury had retired, asked the court if he might go to his office and was told his presence in court was not required, and then stated to the court that he would go to his office and the court knew the location of his office and the attorney remained there but was not sent for when the jury returned for further instructions, the fact that he did not give his office address again is not important nor in the circumstances did his failure specifically to ask that he be called deprive him of his right to notice and failure on the part of the court to notify him, was error.   Such error is not necessarily reversible if the court has preserved by any method a record of what was said or done in the absence of counsel.

TRESPASS ON THE CASE for negligence. Heard on exceptions of defendant and sustained.

STEARNS, J. The plaintiff, who was a passenger in a motor bus which was owned and operated by the defendant, was injured in consequence of a collision between said motor bus and another automobile. The plaintiff brought suit against defendant in an action on the case for negligence. After a trial by jury, which resulted in a verdict for the plaintiff, defendant is now in this court on his bill of exceptions.

There was no error in the refusal to direct a verdict for the defendant; there was sufficient evidence of negligence on the part of the defendant to require the submission of the case to the jury.

The seventh and eight exceptions will be considered together as, although presenting distinct objections, they are based on the bill of exceptions and the affidavits of

defendant and his counsel, which were made a part of the bill of exceptions by consent of the trial justice, together with a statement of fact added to the bill of exceptions by the trial justice. From the affidavit of defendant's counsel it appears that after the charge had been made to the jury and the jury had retired to the jury room, counsel asked the trial justice if he should remain in court to await the return of the jury or if he might go to his office, and was told by the trial justice that he did not require his presence in court. Counsel then stated to the court that he would go to his office. The trial justice knew the location of the office, which was not far distant from the Court House. After the jury had been out for over two hours, they requested further instructions. The trial justice in his statement of fact in the bill of exceptions makes the following statement: "The jury came in for further instructions at the request of the foreman at 5:10 p. m., the stenographer then having left the building. The Court briefly restated the law in the absence of the attorneys. Mr. Archambault had not specifically asked to be called and had not left his address with the court." In the affidavit of the defendant it is stated that when the jury returned for further instructions the trial justice "spoke to the jury and read from a book;" that after receiving the instructions the jury then retired to the jury room for further deliberation and at about 5:20 p. m., returned to the court room and announced that it had found a verdict for the plaintiff in the sum of six hundred dollars. Mr. Archambault, the attorney for defendant, remained in his office until six p. m., but was not sent for or notified by the trial justice that further instructions were to be given to the jury. The additional charge to the jury is not in the record and nothing further in regard to the nature and extent of the charge appears, other than as stated above. From the fact that the jury after having received this second charge arrived at a verdict within a few minutes thereafter, it is not unreasonable to conclude that they were directly influenced thereby in reaching a

verdict and that the instructions were not in regard to some unimportant phase of the case but were directed to matters of importance. That this was the fact would seem to be confirmed by the statement of the trial justice that he restated the law of the case to the jury. Objection to this action of the trial justice is the basis of the eighth exception.

By Section 3, Chapter 278, Gen. Laws, it is provided that the proceedings in the trial of every action or proceeding, civil or criminal, in the Superior Court shall be reported by official court stenographers, and by Chapter 298 it is required that a transcript of the evidence and instructions to the jury must be filed as a prerequisite to a consideration by this court of any objections thereto. The object of requiring stenographic reports of court proceedings is to secure an accurate and complete official transcript of the record of such proceedings. The intention of the statutes is that the court stenographer shall be present throughout the whole trial, except perhaps during the argument of counsel, as it is not the practice nor is it required that the arguments of counsel should be reported. In this case the trial justice might either have had his instructions reported by some other court stenographer or he might have written out his additional instructions and have read them to the jury. If either course had been followed a complete record of the proceedings as required by statute could have been made. Such a record is required both for the protection of the rights of the litigants and to enable this court properly to exercise its duty in reviewing the proceedings of the Superior Court. We do not mean to establish a rule that each word used by court, counsel or witnesses must be reported. In many cases it is not necessary and in some cases it is not possible to do so. But there must be a substantial and reasonable compliance with the statutory provisions.

The seventh exception is based on the failure of the trial justice to send notice to the counsel before giving further instructions to the jury. Rule 17 of the Rules of Practice of the Superior Court provides that before giving further

instructions to the jury after they have received instructions and retired, the trial justice shall cause the attorneys in the case, if absent, to be notified by sending notice to them, if within convenient reach, "Provided said attorneys shall have left word with the justice where such notice is to be sent, and provided further that the justice shall not be required to wait more than fifteen minutes after sending such notice." It is the duty of counsel to be present in court during all stages of the trial. If he leaves the court after the jury has retired without notice to or excuse by the court, the court is justified in proceeding on the assumption that counsel does not care to be present at the subsequent proceedings in the trial. Counsel by his absence can not be permitted to interrupt the continuance of the proceedings, such as the giving of additional instructions when necessary and the rendition of the verdict. In *Alexander Bros. v. Gardiner*, 14 R. I. 15, it was held that the sending for counsel before giving further instructions to the jury was a favor or courtesy not a duty and therefore the omission to send for counsel was no ground for a new trial. Rule 17 was adopted subsequent to the decision in the *Gardiner* case, at the time when the Superior Court was created. By complying with the requirements of this rule counsel are now entitled as a matter of right to have a notice sent to a designated address. *Reid v. R. I. Co.*, 28 R. I. 321. The court has discharged its duty if notice is properly sent and is not responsible for the actual receipt of notice. If an attorney desires to absent himself while the jury is deliberating and to receive notice, he must notify the trial justice where notice is to be sent, remain within convenient reach of the court room and in any event must be present in court within (3) fifteen minutes after notice has been sent. In the case at bar counsel went directly to his office and remained there continuously until sometime after the verdict was returned. He was within convenient reach of the Court House and expected to be notified by the trial justice if further instructions were requested. He had obtained permission of

the trial justice to leave the court room to go to his office. The trial justice knew the location of his office. The fact that counsel did not give his office address again is unimportant nor do we think in the circumstances that failure of counsel specifically to ask that he be called by the trial justice deprived him of the right to notice. He required no permission of the court to allow him to go to his office. Having secured permission to go to his office, and having been excused from waiting for the verdict, we think counsel must be held to have complied with Rule 17. As he was entitled to have notice sent to his office, failure to send such notice was error on the part of the trial justice. Such error however is not necessarily reversible error in every case. If the trial justice had preserved by any method a record of just what was said or done by him in the absence of counsel, it might well appear that defendant had suffered no substantial injury. But the record of this case is incomplete in regard to matters of substance and defective by reason of the failure of the court to observe the statutory requirements. Even if counsel was not entitled to notice, by failure to comply strictly with the requirements of Rules 17, defendant was nevertheless entitled to have the trial proceed according to the established rules of law and he can not by the mere fact of the absence of his counsel from the court room be deprived of his right to the observance of the required legal procedure.

As the defendant is entitled to have a new trial, it is unnecessary to consider his other exceptions.

The defendant's seventh and eighth exceptions are sustained and the case is remitted to the Superior Court for a new trial.

*John F. Harlow, Jr.,* for plaintiff.

*Archambault & Archambault, Joshua Bell,* for defendant.